### CARLSON v. PETERSON et al.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. MASTER AND SERVANT (§ 267*)—INJURIES—ADMISSION OF EVIDENCE.

Plaintiff sued for personal injuries while engaged in piling timbers on stringers, so they could be raised whenever necessary in erecting a building, by the breaking of one of the stringers, permitting a pile of the timber to fall upon plaintiff. Plaintiff was asked what defendant said to him before he started to pile the lumber, and whether defendant directed him to pile the beams on the platform. *Held*, that it was error to exclude the answer, as plaintiff was entitled to show the manner in which he was directed to do the work by defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 909, 911; Dec. Dig. § 267.*]

2. WITNESSES (§ 262*)—RECALLING WITNESSES.

Unless a request to recall a witness is not made in good faith, or unless he has been fully examined on the subject, or the additional testimony is immaterial, his recall should be permitted for further examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 797, 899, 904; Dec. Dig. § 262.*]

Appeal from Trial Term, New York County.

Action by Carl Carlson against John Peterson and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Jeremiah A. O'Leary, of New York City, for appellant.
Bruce R. Duncan, of Brooklyn, for respondents.

McLAUGHLIN, J.　Action to recover damages for personal injuries alleged to have been sustained on account of defendants' negligence. At the trial the complaint was dismissed at the close of plaintiff's case.

[1] Plaintiff is a carpenter and joiner, and on the day of the accident was in the employ of the defendants at the northwest corner of 166th street and Washington avenue, where they were constructing a building. The plaintiff testified that, shortly prior to the time the accident occurred, the defendant John Peterson ordered him to take some timbers which were in the street and pile them so they could be raised whenever necessary during the progress of the work; that these timbers were from 24 to 27 feet long, 10 inches wide, and 3 inches thick; that he did as directed, piling the timbers on cross-pieces or stringers which were 18 feet long, 10 inches wide, and 3 inches thick, and so placed that one end of them rested upon the ground and the other upon blocks or supports some 8 or 10 inches from the ground; that he had been thus engaged for a short time when one of the stringers broke and a pile of the timbers which had been placed thereon fell onto him, and broke both bones of one leg between the ankle and knee. After describing in detail his injuries, and what was done with him after the accident, he was asked:

"Q. Mr. Carlson, will you tell the jury just what Mr. Peterson said to you before you started in to pile this lumber?" "Q. Did Mr. Peterson direct you to pile the beams on this platform there?"

Both questions were objected to and the objections sustained, to which exceptions were duly taken. The questions were proper, and the witness should have been permitted to answer. The plaintiff had a right to show what the defendant said to him, not only as to doing the work itself, but also as to the manner in which he should do it. It is unnecessary to speculate on what the answers would have been, but it is not difficult to imagine that they might have been of vital importance so far as determining defendants' liability.

[2] I am also of the opinion that the court erred in refusing to permit plaintiff's counsel to recall the plaintiff as a witness for the purpose of asking "one further question." The request was refused on the ground that "he has left the stand." A trial is for the purpose of getting at the truth, and, unless it appears that a request to recall a witness is not made in good faith, or that he has been fully examined concerning the subject, or the same is immaterial, then he should be permitted to again take the stand and be further examined. These facts did not here appear.

Upon both grounds, therefore, it seems to me the judgment should be reversed and a new trial granted, with costs to appellant to abide event. All concur.